IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. BRODHEIM,   No. CIV S-08-2094-WBS-CMK-P

    Petitioner,

  vs.   FINDINGS AND RECOMMENDATIONS

M. CATE, et al.,

    Respondents.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are petitioner's petition for a writ of habeas corpus (Doc. 1) and request for leave to file the petition protectively and for a stay-and-abeyance order (Doc. 2) pending exhaustion of claims in state court.

        Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. In particular, the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small,

1 | 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Upon review of the instant petition, the court concludes that petitioner has not exhausted state court remedies as to any of his claims. Petitioner filed the instant federal petition while a post-conviction action raising the same claims was still pending in state court. Citing Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005), and Bonner v. Carey, 425 F.3d 1145 (9th Cir. 2005), petitioner states that a protective filing is allowed to preserve the filing date for statute of limitations purposes in the event the state court ultimately determines that his post-conviction action is untimely and, therefore, not "properly filed." He correctly states that, if the state court were to make such a determination, he would not be entitled to statutory tolling of the statute of limitations for the time the post-conviction action was pending in state court.

Petitioner states that he is challenging a June 2007 denial of parole which he says became final in October 2007. Petitioner filed a state court habeas petition in the California Supreme Court but subsequently was granted leave to withdraw that petition pending the California Supreme Court's decision in In re Lawrence, No. S154018. On April 24, 2009, the court issued an order requiring petitioner to submit a report on the status of state court proceedings. In his May 21, 2009, status report, he states that he filed a habeas petition in the Alameda County Superior Court on October 15, 2008, which was denied on the merits on April 7, 2009. Petitioner states that he has not yet filed any further state court petitions. Thus, it is clear that petitioner has not yet presented his claim to the state's highest court.

As to petitioner's citations to Pace and Bonner, the court finds that a protective filing is not necessary. In those cases, petitions were pending in the state court at the time of the protective filings which, if denied by the state court as untimely, could have resulted in statute of limitations problems absent the protective filings. In Bonner, the petitioner lost more than 270

1 days of the 365-day limitations period because of the state court's long delay in ruling that his
2 petition was untimely. See 425 F.3d at 1149. Because Bonner's state petition was untimely, it
3 could not have been considered "properly filed" for purposes of statutory tolling of the
4 limitations period. See id. at 1148-49 (citing Pace, 125 S.Ct. at 1811). The Supreme Court in
5 Pace stated that "[a] prisoner . . . might avoid this predicament . . . by filing a 'protective' petition
6 in federal court and asking the federal court to stay and abey the federal habeas proceeding until
7 state remedies are exhausted." Bonner, 425 F.3d at 1149 n.20 (citing Pace, 125 S.Ct. at 1813).
8 "Good cause" for the stay-and-abeyance request could be established by the petitioner's
9 reasonable confusion as to whether his state court petition would ultimately be considered timely.
10 See id.

Here, petitioner is under no reasonable confusion as to timeliness. He states in his status report that the Alameda County Superior Court denied relief on the merits, not on timeliness grounds. He further states that he will be filing timely petitions with the California Court of Appeal and, ultimately, the California Supreme Court. The current case does not present the situation of a pending state court petition which could be denied as untimely. Therefore, petitioner's request for leave to file protectively and for a stay-and-abeyance order should be denied.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Based on the foregoing, the undersigned recommends that:

 1. Petitioner's request for leave to file protectively and for a stay-and-abeyance order (Doc. 3) be denied as unnecessary; and

 2. Petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily dismissed, without prejudice, for failure to exhaust state court remedies

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 28, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE